UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| STEAK N SHAKE, LLC | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case Number: <br>) |
| FIORE STEAK & SHAKE, LLC | )<br>) JURY TRIAL DEMANDED |
| Defendant. | )<br>) |

## COMPLAINT FOR PERMANENT INJUNCTION, AND DAMAGES

For its causes of action against Defendant Fiore Steak & Shake, LLC (the "Defendant"), Plaintiff Steak n Shake, LLC ("Steak n Shake") states as follows:

### INTRODUCTION

1. This is an action by Steak n Shake against Defendant for trademark infringement, trademark dilution, and unfair competition in violation of the federal Lanham Act, 15 U.S.C. §§1114(a), 15 U.S.C. §1116(d), 15 U.S.C. §1125(a), 15 U.S.C. §1125(c), 15 U.S.C. §1125(d) 15 U.S.C. §§1117(a)-(c), and Pennsylvania state law 54 Pa. Cons.Stat. Ann §1124.

2. Steak n Shake seeks damages and relief to enjoin Defendant Fiore Steak & Shake, LLC (the "Defendant") from engaging in unfair competition and wrongful use of Steak n Shake's intellectual property in commerce.

### PARTIES, JURISDICTION, AND VENUE

3. Steak n Shake is an Indiana limited liability company organized and existing under the laws of the state of Indiana, with its corporate headquarters located at 107 South Pennsylvania Street, Suite 400, Indianapolis, IN, 46204.

1

4. Defendant is a Pennsylvania limited liability corporation with a principal place of business located at 2608 Kensington Ave Philadelphia, PA, 19125.

5. Jurisdiction of this Court is based on 28 U.S.C. § 1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 15 U.S.C. §1125(a)(1)(A) (False Designation of Origin), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction).

6. Venue is proper in this district under 28 U.S.C. §1391 (b)(1) and (c).

## THE STEAK N SHAKE INTELLECTUAL PROPERTY

7. Steak n Shake incorporates by reference the allegations in paragraphs 1 - 6 above as if separately repeated here.

8. Steak n Shake is the owner of numerous federally-registered trademarks and service marks relating to restaurant service products. Of particular note for purposes of this litigation are Steak n Shake's federal registrations for its "STEAK N SHAKE" mark, including U.S. Trademark Registration Nos. 4069566, 2270886, 0837229, and 0843430 (the "Steak n Shake Mark").

9. Steak n Shake is in the business of providing customers high-quality burgers and milkshakes across the United States and abroad, operating nearly 600 restaurants across 31 states and 7 international countries, through various franchisee and corporate-owned business structures.

10. Steak n Shake has used the Steak n Shake Mark in commerce since at least as early as 1936, and continues to use the Steak n Shake Mark across all of its restaurants to distinguish its goods and services from similar or identical services sold by others, including competitors like the Defendant.

11. As a result of Steak n Shake's continuous use of the Steak n Shake Mark, it has developed widespread notoriety and goodwill. Indeed, for over 80 years, Steak n Shake's name has been symbolic of its heritage, and Steak n Shake has invested substantial money in promoting services and goods in relation to the same.

12. The Steak n Shake Mark is distinctive and/or has developed secondary meaning and significance in the minds of the purchasing public.

13. The Steak n Shake Mark has become a valuable asset of Steak n Shake as result of the goodwill and recognition the Steak n Shake Mark enjoys among the consuming public, goodwill and recognition developed, in part, through related advertising and sales.

**DEFENDANT'S WRONGFUL USE OF THE STEAK N SHAKE MARK**

14. Defendant is engaged in the business of, among other things, advertising, selling, and providing goods and services that are similar or identical to those provided by Steak n Shake, including providing burgers and milkshakes in a restaurant setting.

15. Defendant is using a name and trademark that is both visually and phonetically similar to the Steak n Shake Mark in connection with its business.

16. Defendant has not received permission to use the Steak n Shake Mark, or any similar trademark, trade dress, or copyrighted material, from Steak n Shake.

17. Upon information and belief, Defendant has willfully and intentionally engaged in the foregoing conduct with knowledge that the Steak n Shake Mark is the property of Steak n Shake and that the advertisement, sale and marketing of Defendant's services and products using material and trademarks that are identical, or confusingly similar, to the Steak n Shake Mark was unauthorized.

18. Defendant's conduct of advertising, selling and marketing its services using material and trademarks that are identical, or confusingly similar, to the Steak n Shake Mark, without permission, is a deliberate attempt to trade on the valuable trademark rights and goodwill developed and established by Steak n Shake.

19. Upon information and belief, Defendant engaged in the foregoing conduct with the intent that its use of the Steak n Shake Mark would cause confusion, mistake or deception among members of the general public.

20. Defendant has traded on, and profited from, the valuable goodwill and reputation developed and cultivated by Steak n Shake.

## COUNT I: TRADEMARK INFRINGEMENT

21. Steak n Shake incorporates by reference the allegations contained in paragraphs 1 - 20 above as if separately repeated here.

22. Defendant's conduct as described herein violates 15 U.S.C. §1114(1), which specifically forbids Defendant from:

   a. using in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

   b. reproducing, counterfeiting, copying, or colorably imitating a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

23. Defendant's conduct also constitutes common law trademark infringement.

24. These wrongful acts were committed with knowledge that such imitation, as described, were intended to be used to cause confusion, or to cause mistake, or to deceive.

25. As a result of Defendant's conduct, Steak n Shake has been damaged and is entitled to damages, including but not limited to, Defendant's profits from the sale of all infringing goods/services, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

### COUNT II: FALSE DESIGNATION OF ORIGIN

26. Steak n Shake incorporates by reference the allegations contained in paragraphs 1 - 25 above as if separately repeated here.

27. Defendant's conduct as described herein violates 15 U.S.C. § 1125(a)(1)(A) which specifically imposes liability upon any person who:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

28. Steak n Shake has been damaged and/or is likely to be damaged by the wrongful conduct of Defendant.

29. Defendant's violations of 15 U.S.C. §1125(a) entitle Steak n Shake to recover damages, including but not limited to, Defendant's profits from the sale of all infringing goods, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

### COUNT III: FEDERAL UNFAIR COMPETITION

30. Steak n Shake incorporates by reference the allegations in paragraphs 1 - 29 above as if separately repeated here.

31. Defendant's unlawful and unauthorized use of the Steak n Shake Mark constitutes unfair

5

competition with Steak n Shake. Defendant's conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin, as well as sponsorship, endorsement, or affiliation, of such unauthorized products and services by, among other things, unfairly imitating the Steak n Shake Mark.

32. Defendant's conduct was, and continues to be, calculated to cause damage to Steak n Shake in its lawful business and done with the unlawful purpose of causing such damage without right or justifiable cause.

33. Defendant's conduct as described herein has directly and proximately caused Steak n Shake to incur substantial monetary damages and damage to its goodwill.

34. Upon information and belief, Defendant acted willfully and maliciously and with full knowledge of the adverse effect of his wrongful conduct would have upon Steak n Shake and with the conscious disregard for the rights of Steak n Shake.

35. Defendant's unfair competition entitles Steak n Shake to recover damages including, but not limited to, Defendant's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

### COUNT IV: FEDERAL TRADEMARK DILUTION

36. Steak n Shake incorporates by reference the allegations in paragraphs 1 - 35 above as if separately repeated here.

37. The Steak n Shake Mark is famous and inherently distinctive and/or has otherwise acquired substantial secondary meaning and widespread recognition in accordance with 15 U.S.C. § 1125(c).

38. Defendant's use of the Steak n Shake Mark, without authorization from Steak n Shake and without providing the same product to their customers as Steak n Shake, is diluting and

dilutive of the distinctive quality of the famous and iconic Steak n Shake brand, thereby decreasing the capacity of the Steak n Shake Mark to identify and distinguish Steak n Shake products from off-brand, non-genuine produces, and otherwise resulting in the tarnishment and/or blurring of Steak n Shake's valuable and famous brand name through association of Steak n Shake with lesser quality Steak n Shake-branded products.

39. Defendant has used the Steak n Shake Mark for its own benefit, in connection with the sale of goods and services in Pennsylvania.

40. Upon information and belief, Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Steak n Shake, and to dilute the distinctive quality of the famous Steak n Shake brand, resulting in irreparable injury to Steak n Shake.

41. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Steak n Shake, and Steak n Shake is entitled to recover damages including, but not limited to, Defendant's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

42. Steak n Shake is also entitled to preliminary and permanent injunctive relief.

43.

### COUNT V: PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

44. Steak n Shake incorporates by reference the allegations in paragraphs 1 - 43 above as if separately repeated here.

45. As a result of Defendant's violations of Steak n Shake's rights as stated herein, Steak n Shake has suffered and will continue to suffer irreparable harm to their businesses and business' reputation.

46. If Defendant is not enjoined from using the Steak n Shake Mark, Steak n Shake will continue to suffer irreparable harm.

47. Steak n Shake is entitled to a preliminary and permanent injunction prohibiting Steak n Shake from marketing, distributing, promoting, or otherwise selling any services utilizing the Steak n Shake Mark, and other fair and equitable relief.

## COUNT VI: CORRECTIVE ADVERTISING RELIEF

48. Steak n Shake incorporates by reference the allegations in paragraphs 1 - 47 above as if separately repeated here.

49. Defendant has published, promoted, and advertised material regarding the goods and services they have sold, and continue to sell, under the infringing term STEAK N SHAKE, which is confusingly similar to, and likely to be confused with, the Steak n Shake Mark.

50. Such publication and advertising was, and is, unauthorized, and the acts of publishing and advertising, standing alone, are wrongful and caused damages to Steak n Shake.

51. Steak n Shake seeks an award of such damages necessary to remedy those wrongs and to correct the misinformation in the marketplace resulting from the unauthorized and unlawful publications and advertisements.

## PRAYER FOR RELIEF

**WHEREFORE**, Steak n Shake seeks the following relief:

a. Defendant and its owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the United States during the pendency of this action, and permanently thereafter from:

i. using the Steak n Shake Mark in any manner;

    ii. manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the Steak n Shake Mark;

    iii. otherwise infringing the Steak n Shake Mark;

    iv. using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendant's services are endorsed by Steak n Shake or any related company, sponsored by Steak n Shake or any related company, or are connected in any way with Steak n Shake or any related company; and

    v. holding itself out as a licensee or otherwise authorized user of the Steak n Shake Mark.

b. Steak n Shake be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements, promotions, and publications;

c. Steak n Shake be awarded such other damages, including but not limited to, punitive damages, treble damages, lost profits, defendant's profits, and attorneys' fees and costs to which it may show itself entitled to recover;

d. All other just and proper relief.

## JURY DEMAND

Steak n Shake demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Mark D. Simpson, Esq. (ID No. 53387)
Amy L. Piccola, Esq. (ID No. 208888)
Saul Ewing Arnstein & Lehr LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA 19102
Tel. (215) 972-8405
Fax (215) 972-1871
amy.piccola@saul.com

-and-

Jonathan G. Polak, Esq. (*not yet admitted*)
Cristina A. Costa, Esq. (*not yet admitted*)
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel. (317)713-3500
Fax (317)713-3699
JPolak@taftlaw.com
CCosta@taftlaw.com

*Counsel for Plaintiff, Steak n Shake, LLC*

Dated: September 22, 2017